### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP LIONTI | CIVIL ACTION |
| vs. | NO.  2:17-cv-01678-GJP |
| DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC. d/b/a RAMADA INN-NEWARK | |

## ORDER

**AND NOW**, this        day of                          2017, upon consideration of

Defendants, DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC. d/b/a

RAMADA INN-NEWARK's Motion to Dismiss, and any response thereto or argument

thereon, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.  It is

further **ORDERED** and **DECREED** that Plaintiff's Complaint is **DISMISSED** for lack

of personal jurisdiction.


**BY THE COURT:**


_____
                                                                                            **J.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP LIONTI | CIVIL ACTION |
| vs. | NO. 2:17-cv-01678-GJP |
| DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC. d/b/a RAMADA INN-NEWARK | |

### ORDER

**AND NOW**, this        day of                          , 2014, upon consideration

of Defendants, DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC.

d/b/a RAMADA INN-NEWARK.'s Motion to Dismiss, and any response thereto or

argument thereon, it is hereby **ORDERED** and **DECREED** that said Motion is

**GRANTED**.  It is further **ORDERED** and **DECREED** that this matter is transferred to

the United States District Court for the District of Delaware.

**BY THE COURT:**

_____
                                                J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP LIONTI | CIVIL ACTION |
| vs. | NO. 2:17-cv-01678-GJP |
| DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC. d/b/a RAMADA INN-NEWARK | |

### DEFENDANTS' MOTION TO DIMISS PLAINTIFF'S COMPLAINT

Defendants, DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC. d/b/a RAMADA INN-NEWARK [hereinafter "Defendants"], by and through their attorneys, Mintzer, Sarowitz, Zeris, Ledva & Meyers, hereby file this Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction.

In support of thereof, Defendants aver as follows:

1.      Plaintiff initiated this action by way of Complaint filed in the Philadelphia Court of Common Pleas. (See a copy of the Complaint attached hereto and marked as Exhibit "A").

2.      Defendants filed a timely Notice of Removal pursuant to Title 28 United States Code §1332 on April 12, 2017.  (See a copy of Defendants' Notice of Removal attached hereto and marked as Exhibit "B".)

3.      This incident allegedly occurred on Defendant's premises, located at 5209 Concord Pike, Wilmington, DE, on April 5, 2016.  (See Exhibit "A", Para. 15).

4.      The legal entity that owns and operates the premises is Defendant, Dipna, Inc.

5.      Dipna, Inc. is a Delaware corporation with its principal place of business in Delaware.

6.      Defendant, Neil Shah, is an individual who resides in Delaware.

7.      Defendant, Chapman Hospitality, Inc., does not own or operate the premises where Plaintiff's incident allegedly took place. Further, Chapman Hospitality, Inc. merely operates another establishment in Newark, DE.

## Count I – Lack of Personal Jurisdiction

8.      Personal jurisdiction may be either general or specific.

9.      Specific jurisdiction is personal jurisdiction arising out of the defendant's activities in Pennsylvania that relate to the particular cause of action litigated.  42 Pa. C.S.A. Section 5322 (*emphasis added*).

10.      Pennsylvania's statutory provision regarding specific personal jurisdiction, 42 Pa.C.S.A. §5322, has been described to confer upon its courts authority to hear cases based upon "specific" personal jurisdiction, that is, personal jurisdiction arising out of the defendant's activities in Pennsylvania that relate to the particular cause of action litigated.

11.      Jurisdiction under §5322 must be based upon some significant threshold of minimum contact with Pennsylvania as limited by the United States Constitution.  In the instant matter, there is no basis for specific jurisdiction as Plaintiff's alleged cause of action against defendants arises out of alleged activities that are not related to Pennsylvania.

12.      Plaintiff's Complaint makes clear that the entire cause of action is based on activities or actions that took place entirely in Delaware, and not in Pennsylvania. See Exhibit "A." Thus, there is clearly no basis for specific jurisdiction here.

13.      There is no basis for general jurisdiction in Pennsylvania either.

14.      The "long-arm statute", 42 Pa.C.S.A. §5301 (West 2004), states:

(a)    General Rule. - The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or in his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative . . .

 (2) Corporations. -

  (i) A corporation under or qualification as a foreign corporation under the laws of this Commonwealth.

  (ii) Consent, to the extent authorized by the consent.

  (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

 (3) Partnerships, limited partnerships, partnership associations, professional associations, unincorporated associations and similar entities. -

  (i) Formation under or qualification as a foreign entity under the laws of this Commonwealth.

  (ii) Consent, to the extent authorized by the consent.

  (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.C.S.A. §5301 (1994).

15. Jurisdiction under this provision has been referred to as general personal jurisdiction, that is, jurisdiction conferred by activities not necessarily related to the incident at suit. Garzone v. Kelly, 593 A. 2d 1292, 1296 (Pa. Super. 1991). "General jurisdiction is implicated where the claim arises from the defendant's non-forum related activities." Merlino v. Harrah's Entertainment, Inc., 2006 E.D.Pa. WL 401847, at *2

(E.D.Pa. Feb. 17, 2006) (citing Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414 n. 9 (1984); Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 541 (3d Cir. 1985)). In such a case, the plaintiff "'must show significantly more than mere minimum contacts.'" Merlino, 2006 WL 401847, at *2 (quoting Provident National Bank v. California Federal Savings & Loan Association, 819 F. 2d 434, 437 (3d Cir. 1987)); see also Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F. 2d 208, 212 (3d Cir. 1984).

16.     Defendants do not regularly or continuously conduct business in Pennsylvania.

17.     Defendants do not operate any property in Pennsylvania.

18.     Defendants do not have any employees in Pennsylvania.

19.     Defendants are not a Pennsylvania partnership or corporation.

20.     Defendants have not consented to the jurisdiction of Pennsylvania courts.

21.     As such, there clearly is no general personal jurisdiction in this matter.

22.     Plaintiff's complaint initially included another, former, defendant, Hersha Hospitality Trust, who was later removed by stipulation due to a demonstration that it had no connection with Moving Defendants or the premises in question.

23.     Plaintiff has incorrectly asserted that Moving Defendants conduct business within Pennsylvania, and Moving Defendants have no relationship with the recently removed former-defendant, Hersha Hospitality Trust.

26.     As such, there clearly is no general personal jurisdiction over Moving Defendants in this matter.

27.     It is anticipated that Plaintiff will insufficiently allege that Defendants purposefully availed themselves in Pennsylvania as a result of advertising in Pennsylvania.

28.     Federal Courts in the Eastern District of Pennsylvania "have consistently held that advertisements and solicitations, including direct mailings and voucher offers, are not, by themselves, substantial enough to meet **the high standard** for the exercise of general personal jurisdiction." Feldman v. Bally's Park Place, Inc., 2006 WL1582331 (E.D.Pa. 2006) referring to Blackwell v. Marina Assocs., d/b/a Harrah's Casino Hotel Atlantic City, 2006 WL 573793, at *1,4 (E.D.Pa. Mar. 9, 2006). (emphasis added).

29.     Courts have consistently held that "advertisements and solicitations, including direct mailings and voucher offers, are not, by themselves, substantial enough to meet **the high standard** for the exercise of general personal jurisdiction." Feldman v. Bally's Park Place, Inc., 2006 WL1582331 (E.D.Pa. 2006) referring to Blackwell v. Marina Assocs., d/b/a Harrah's Casino Hotel Atlantic City, 2006 WL 573793, at *1,4 (E.D.Pa. Mar. 9, 2006). (emphasis added); Joseph Ferro v. Atlantic City Showboat, Inc, d/b/a Showboat Casino Hotel, Civil Action No. 07-1016 (E.D.Pa. 2007); Thyreea Stinnett v. Atlantic City Showboat, Inc., 2008 WL 1924125 (E.D.Pa. 2008); Potts v. Harrah's Atlantic City Hotel and Casino, 2007 WL 1866750 (E.D.Pa. 2007); Safer v. Bally's Park Place, Inc., 2008 WL No. 08CV2171 (E.D.Pa 2008). (emphasis added).

30.     Accordingly, there clearly is no basis for jurisdiction in the instant matter and the Complaint should be dismissed.

### Count II – Improper Venue

31.     In a civil action founded solely on diversity of citizenship, venue is only proper in a judicial district where: 1) any defendant resides, if all defendants reside in the same state; 2) a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated; or 3) where any defendant is subject to personal jurisdiction at the time the action is commenced, only if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

32.     For prong (2) of the statute, this matter could be filed in Delaware where the incident allegedly occurred.  That leaves us with addressing only prongs 1) and 3) of the statute.

33.     For prong (1), this venue would be proper only if both of the Moving Defendants resided in Pennsylvania. The definition of "reside" is where a defendant is subject to personal jurisdiction  (See 28 U.S.C. § 1391).  Since this Court does not have personal jurisdiction over Moving Defendants, Moving Defendants do not "reside" in this state and therefore this venue is not proper under prong (1).

34.     Finally, prong (3) is not satisfied for venue here because, again, there is no personal jurisdiction over Moving Defendants. In fact, even if this Court had personal jurisdiction over Moving Defendants-which it does not – venue is proper here under prong (3) only if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).  This action may have otherwise been brought in the District Court in Delaware and so there is no proper venue here under this prong.

35.     Further, it is likely that a majority, if not all of the witnesses to the alleged accident, are located in Delaware.

36.     Moreover, it would be more convenient for a jury to view the site of the alleged accident if this matter was tried in Delaware.

37.     Thus, this action could have been brought in the United States District Court in Delaware, which is a more appropriate forum, and this action should be transferred there. 28 U.S.C.A. §1406 (West 2011)

38.     Thus, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) or transferred to the New Jersey Federal Courts for disposition pursuant to 28 U.S.C.A. §1406.

**WHEREFORE**, Defendants, DIPNA, INC. and NEIL SHAH and CHAPMAN HOSPITALITY INC. d/b/a RAMADA INN-NEWARK, respectfully request that this Honorable Court enter the Order in the form proposed.

**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**


BY: */s/ Zachary J. Strohm*
        ZACHARY J. STROHM, ESQUIRE
        Attorney for Defendants, DIPNA, INC. and NEIL SHAH
        and CHAPMAN HOSPITALITY INC. d/b/a RAMADA
        INN-NEWARK
        Centre Square, West Tower
        1500 Market Street
        Suite 4100
        Philadelphia, PA 19102
        (215) 735-7200
        **MSZL&M File No. 007880.000038**

## VERIFICATION

The averments or denials of facts contained in the foregoing are true, based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

*/s/ Zachary J. Strohm*
ZACHARY J. STROHM, ESQUIRE

Dated: May 2, 2017